IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROY LEE SPAGNER, an individual, )
and LADONA CAROL SPAGNER, )
an individual, )
                                        )
            Plaintiffs, )
                                        )
v. )           No. CIV-04-508-L
                                        )
LATHAM, STALL, WAGNER, )
STEEL & LEHMAN, P.C., an )
Oklahoma corporation; SCOTT F. )
LEHMAN, an individual; )
BENEFICIAL OKLAHOMA, INC., )
a corporation, )
                                        )
            Defendants. )

# **O R D E R**

Plaintiffs filed this action on April 23, 2004, seeking damages for violation of the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(f)(1). This matter is before the court on defendants' motions for summary judgment. Summary judgment is appropriate if the pleadings, affidavits, and depositions "show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Any doubt as to the existence of a genuine issue of material fact must be resolved against the party seeking summary judgment. In addition, the inferences drawn from the facts presented must be construed in the light most favorable to the nonmoving party. Board of Education v.

Pico, 457 U.S. 853, 863 (1982).  Nonetheless, a party opposing a motion for summary judgment may not simply allege that there are disputed issues of fact; rather, the party "must set forth *specific* facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e) (emphasis added).  *See also*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (citations omitted).  In addition, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The undisputed facts establish that on July 18, 2000, plaintiffs applied for a loan with defendant Beneficial Oklahoma Inc. ("Beneficial").  On May 2, 2003, Beneficial sued plaintiffs in Oklahoma Count District Court to recover the sums due under the parties' contract. Beneficial was represented by defendant Latham, Stall, Wagner, Steel & Lehman, P.C., with defendant Scott F. Lehman acting as lead attorney (collectively "Latham Stall").  The state court entered a default judgment against plaintiffs on June 17, 2003.  On August 18, 2003, Latham Stall served a continuing wage garnishment on the United States Postal Service, Roy Lee

Spagner's employer.  Although plaintiffs filed a claim for exemption, the state court denied their claim on November 19, 2003.

On December 17, 2003, plaintiffs filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, listing Beneficial as a creditor.  Two days later, the Postal Service, pursuant to the continuing wage garnishment, issued a check payable to Beneficial in the amount of $330.70 and transmitted it to Latham Stall.  At 12:19 p.m. on December 23, 2003, plaintiffs' counsel sent a letter via facsimile to Latham Stall notifying it of plaintiffs' bankruptcy filing.  The cover sheet included the message "Stop Garnishment!"[1]  The letter demanded "a return of the garnished wages immediately, and an end to any further attempts to collect Mr. Spagner's debt during the Automatic Stay."  Id. at 2.  On January 2, 2004, the Postal Service issued a second check payable to Beneficial; the second check, in the amount of $512.52, was received by Latham Stall on January 5, 2004.  After Latham Stall received the second check, it returned both checks to the Postal Service with a cover letter advising that "Mr. Spanger (sic) has filed bankruptcy.  Please re-issue this check to Mr. Spanger (sic)."  Exhibit 13 to Latham Stall Motion.  The Postal Service reissued checks to Roy Lee Spagner in the full amount of the garnished funds on January 28, 2004.  Twenty days earlier, Latham Stall filed a Garnishment Order of Discharge in the state court action.  Exhibit 16 to Latham Stall Motion.

---

[1] Exhibit 12 to Defendants' Latham, Stall, Wagner, Steele & Lehman, P.C., an Oklahoma Corporation and Scott F. Lehman, an Individual Motion for Summary Judgment at 1 (emphasis in original) [hereinafter cited as "Latham Stall Motion"].

Upon the filing of a bankruptcy petition, an automatic stay arises to bar the commencement or continuation of debt collection efforts against the debtor. 11 U.S.C. § 362(a)(1). The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). A violation is willful if the violator had notice of the bankruptcy and the actions that violated the stay were intentional. *See* Diviney v. NationsBank of Texas (*In re* Diviney), 225 B.R. 762, 774 (10th Cir. BAP 1998). A technical or inadvertent violation, on the other hand, occurs if acts to collect a debt are taken without knowledge of the stay. *See* Walters v. Sherwood Municipal Court (*In re* Walters), 219 B.R. 520, 526 (Bankr. W.D. Ark. 1998).

Based on this standard, the court finds defendants violated the automatic stay. The December 19, 2003 garnishment, however, constitutes an inadvertent violation because it occurred before defendants had notice of the stay. It is undisputed that defendants had no notice of plaintiffs' bankruptcy filing until December 23, 2003. At that point, however, defendants had an affirmative duty not only to cease collection efforts, but also to return funds they received post-petition.[2] *See In re* Timbs, 178 B.R. 989, 996 (Bankr. E.D. Tenn. 1994); *In re* Zunich, 88 B.R. 721, 725 (Bankr. W.D.

---

[2]Beneficial claims "[t]he funds captured by the continuing wage garnishment on December 19, 2004 (sic) and on January 2, 2004, were pre-petition wages." In contrast, Latham Stall contends that the first garnishment "captured primarily prepetition wages", but concedes the funds captured on January 2, 2004 "were postpetition wages." Neither defendant offers any evidence on this issue and the court finds it need not resolve it.

Pa. 1988); Elder v. City of Thomasville (*In re* Elder), 12 B.R. 491, 495 (Bankr. M.D. Ga. 1981).

> In a garnishment proceeding, no amounts should be seized or withheld from the Debtor's wages after the filing of a bankruptcy petition. It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay, upon receiving notice of a bankruptcy filing. This is true even if the garnishment process became effective prior to the date of the bankruptcy filing and did not, at the time it first became effective, violate the automatic stay. Indeed, the creditor must not only cease from taking any affirmative action which would violate the automatic stay, it must also take all necessary affirmative action to stop proceedings which are in violation of the automatic stay.

*In re* Briskey, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001). Furthermore, "an innocent stay violation can become willful if the creditor fails to remedy the violation after receiving notice of the stay." Diviney, 225 B.R. at 776. In this case, it is undisputed that defendants not only received notice of the stay, but also of their obligation to stop the garnishment proceedings and to return the proceeds of the garnishment. Rather than immediately dismissing the garnishment and notifying Mr. Spagner's employer of that fact, defendants deliberately chose to take no action until a second violation of the automatic stay had occurred. Even then, defendants waited an additional three business days before dismissing the garnishment. This delay is inexcusable. In a garnishment proceeding, the creditor

> is in the driver's seat and very much controls what is done thereafter if it chooses. If the "continuation" is to be

> stayed, it cannot choose to do nothing and pass the buck to the garnishee or the court in which the garnishment is filed to effectuate the stay.  Positive action on the part of the creditor is necessary so that "continuation" may be stayed.

Elder, 12 B.R. at 494.

The court rejects defendants' argument that they were under no obligation to return the garnished funds.  The cases cited by defendants in support of this argument are distinguishable; none of these cases involved post-petition continuing wage garnishments.  In fact in a case cited by defendants, the court specifically noted "it is important to contrast the facts of the present case with the facts of *In re Timbs*, 178 B.R. 989 (Bankr. E.D. Tenn. 1994), wherein the garnishment continued postpetition and as such was sanctionable as violative of the automatic stay." Saults v. First Tenn. Bank (*In re* Saults), 293 B.R. 739, 750 n.6 (Bankr. E.D. Tenn. 2002). *In re Timbs*, like the case at hand, concerned a wage garnishment that continued post-petition unabated.

The court therefore denies defendants' motions for summary judgment on plaintiffs' claim pursuant to 11 U.S.C. § 362(h).  While the court finds that defendants violated the automatic stay, it cannot determine from the current record the injury plaintiffs suffered.  This issue and the question of damages, including the applicability of punitive damages, remain for trial.

Latham Stall's motion for summary judgment on plaintiff's FDCPA claim is premised on their argument that defendants did not violate the automatic stay.

Given the court's ruling above, that argument fails. Latham Stall's motion for summary judgment on this claim is therefore denied. Beneficial, however, is entitled to judgment on this claim as it is not a debt collector under the Act.

The court also finds defendants are not entitled to the extraordinary relief of dismissal of plaintiffs' case due to plaintiffs' failure to appear at their deposition. Although the court does not condone plaintiffs' failure to appear, resolution of cases on their merits is preferable to dismissals for discovery abuses. The court, however, directs plaintiffs to appear for their depositions at a mutually agreeable time and place prior to **September 2, 2005**.

In sum, Beneficial Oklahoma, Inc.'s Motion for Summary Judgment (Doc. No. 40) is DENIED in part and GRANTED in part. Defendants' Latham, Stall, Wagner, Steele & Lehman, P.C., an Oklahoma Corporation and Scott F. Lehman, an Individual Motion for Summary Judgment (Doc. No. 42) is DENIED.

It is so ordered this 15th day of August, 2005.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge